UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TAMI FOWLER, DONNA WATSON, and ANABEL ORTEGA, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>FOCUS CARE, INC. d/b/a FEV TUTOR, INC.,<br><br>      Defendant. | Civ. A. No. 1:24-cv-10253-IT |

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFFS' COLLECTIVE & CLASS ACTION COMPLAINT**

Focus Care, Inc. d/b/a FEV Tutor, Inc. answers the allegations contained in Plaintiffs' complaint as follows:

**ALLEGATIONS ENTITLED "PRELIMINARY STATEMENT"**

1.      Defendant admits this paragraph describes Plaintiffs' complaint, but Defendant denies it is liable to Plaintiffs or anyone else based on the claims and allegations made therein.

2.      Admitted the quoted material in ¶ 2 of the Complaint appears on Defendant's website.

3.      Admitted.

4.      Denied.

5.    ¶ 5 of the Complaint refers to a document or documents published by the U.S. Department of Labor. Those documents speak for themselves.

6.    ¶ 6 of the Complaint refers to a document or documents published by the U.S. Department of Labor. Those documents speak for themselves.

7.    Denied.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Admitted that ¶ 13 describes the Plaintiffs' Complaint, but Defendant denies it is liable to Plaintiffs or anyone else based on the claims and allegations made therein.

14.    Denied.

15.    Denied.

16.    The allegations in ¶ 16 of the Complaint are legal conclusions, to which no response is required.

17.    Denied.

18.    Admitted that ¶ 18 describes the relief sought in Plaintiffs' Complaint, but Defendant denies it is liable to Plaintiffs or anyone else based on the claims and allegations made therein.

19.    Denied.

## ALLEGATIONS ENTITLED "JURISDICTION & VENUE"

20. The allegations in ¶ 20 of the Complaint are legal conclusions, to which no response is required.

21. The allegations in ¶ 21 of the Complaint are legal conclusions, to which no response is required.

22. The allegations in ¶ 22 of the Complaint are legal conclusions, to which no response is required.

23. The allegations in ¶ 23 of the Complaint are legal conclusions, to which no response is required.

24. The allegations in ¶ 24 of the Complaint are legal conclusions, to which no response is required.

25. The allegations in ¶ 25 of the Complaint are legal conclusions, to which no response is required.

26. The allegations in ¶ 26 of the Complaint are legal conclusions, to which no response is required.

## ALLEGATIONS ENTITLED "INTRADISTRICT ASSIGNMENT"

27. The allegations in ¶ 27 of the Complaint are legal conclusions, to which no response is required.

## ALLEGATIONS ENTITLED "PARTIES"

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted that Defendant employs others. Otherwise, denied.

3

32.    Admitted.

33.    Denied.

## ALLEGATIONS ENTITLED "GENERAL ALLEGATIONS"

34.    Admitted.

35.    Denied.

36.    Admitted.

37.    Denied.

38.    Admitted.

39.    Defendant does not know the meaning to which Plaintiffs ascribe to the term "typically" and therefore lack sufficient information to admit or deny the allegations in ¶ 39 of the Complaint.

40.    Admitted Defendant's "agents" work is primarily done on a computer. Otherwise, denied.

41.    Admitted.

42.    Admitted.

43.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 43 of the Complaint.

44.    Admitted that Plaintiffs engaged in the activities listed in ¶ 44 of the Complaint. Otherwise, denied.

45.    Admitted.

46.    Denied.

47.    Admitted.

48.     Admitted.

49.     Denied.

50.     The allegations in ¶ 50 of the Complaint are legal conclusions, to which no response is required. Otherwise, denied.

51.     The allegations in ¶ 51 of the Complaint are legal conclusions, to which no response is required. Otherwise, denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

## A. Allegations Entitled "Pre-Shift Off-the-Clock Work"

61.     Denied.

62.     Denied.

63.     Denied.

64.     Admitted that the process set forth in ¶ 64 of the Complaint is a generalized summary of the "boot-up" and login process. Defendant denies, however,

any inference that the tasks listed in Paragraph 64a-j could not be done at the same time.

65.   Denied.

66.   Denied.

67.   Denied.

68.   Denied.

69.   Denied.

70.   Denied.

71.   Denied.

72.   Denied.

73.   Denied.

74.   Denied.

**B. Allegations Entitled "Meal-Period Off-the-Clock Work"**

75.   Admitted.

76.   The allegations in ¶ 76 of the Complaint are legal conclusions, to which no response is required.

77.   The allegations in ¶ 77 of the Complaint are legal conclusions, to which no response is required. Otherwise, denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

**C. Allegations Entitled "Post-Shift Off-the-Clock Work"**

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

**D. Allegations Entitled "Technical Down Time"**

86.     Defendant does not know the meaning to which Plaintiffs ascribe to the term "regularly" and therefore lack sufficient information to admit or deny the allegations in ¶ 86 of the Complaint. Otherwise, denied.

87.     Denied.

88.     Denied.

89.     Denied.

**E. Allegations Entitled "The Off-the-Clock Work Results in Viable "Gap Time" Claims**

90.     The allegations in ¶ 90 of the Complaint are legal conclusions, to which no response is required. Otherwise, denied. Answering further, "gap time" claims are not permitted under the FLSA.

91.     Denied.

92.     Denied.

**F. Allegations Entitled "Defendant Benefitted from the Agents' Off-the-Clock Work**

93.     Denied.

94.     Admitted.

95.     Denied.

7

96.     Admitted.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Admitted.

105.    Denied.

106.    Denied.

## ALLEGATIONS ENTITLED "FLSA COLLECTIVE ACTION ALLEGATIONS"

107.    The allegations in ¶ 107 of the Complaint are legal conclusions, to which no response is required.

108.    Denied.

109.    Admitted.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

   a.  Denied.

   b.  Denied.

c.   Denied.

114.   The allegations in ¶ 114 of the Complaint are legal conclusions, to which no response is required.

115.   Denied.

116.   Admitted.

117.   Denied.

118.   Denied.

119.   Denied.

120.   The allegations in ¶ 120 of the Complaint are legal conclusions, to which no response is required.

121.   Denied.

122.   Denied.

## ALLEGATIONS ENTITLED
## "RULE 23 SOUTH CAROLINA CLASS ACTION ALLEGATIONS"

123.   The allegations in ¶ 123 of the Complaint are legal conclusions, to which no response is required.

124.   Denied.

125.   Denied.

a.   Denied.

b.   Denied.

c.   Denied.

d.   Denied.

e.   Denied.

9

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

**ALLEGATIONS ENTITLED**
**"RULE 23 NORTH CAROLINA CLASS ACTION ALLEGATIONS"**

131.    The allegations in ¶ 131 of the Complaint are legal conclusions, to which no response is required.

132.    Denied.

133.    Denied.

    a.  Denied.

    b.  Denied.

    c.  Denied.

    d.  Denied.

    e.  Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

**ALLEGATIONS ENTITLED**
**"RULE 23 MASSACHUSETTS CLASS ACTION ALLEGATIONS"**

10

139. The allegations in ¶ 139 of the Complaint are legal conclusions, to which no response is required.

140. Denied.

141. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## ALLEGATIONS ENTITLED
## "RULE 23 NATIONWIDE CLASS ACTION ALLEGATIONS"

147. The allegations in ¶ 147 of the Complaint are legal conclusions, to which no response is required.

148. Denied.

149. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

d.  Denied.

e.  Denied.

f.  Denied.

150.  Denied.

151.  Denied.

152.  Denied.

153.  Denied.

154.  Denied.

155.  Denied.

## COUNT I
## ALLEGED VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* – FAILURE TO PAY OVERTIME

156.  Defendant re-allege and incorporate all previous paragraphs herein.

157.  The allegations in ¶ 157 of the Complaint are legal conclusions, to which no response is required.

158.  The allegations in ¶ 158 of the Complaint are legal conclusions, to which no response is required.

159.  The allegations in ¶ 159 of the Complaint are legal conclusions, to which no response is required.

160.  The allegations in ¶ 160 of the Complaint are legal conclusions, to which no response is required.

161.  The allegations in ¶ 161 of the Complaint are legal conclusions, to which no response is required.

12

162.    The allegations in ¶ 162 of the Complaint are legal conclusions, to which no response is required.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

**COUNT II**
**RULE 23 SOUTH CAROLINA CLASS ACTION**
**ALLEGED VIOLATIONS OF THE SOUTH CAROLINA PAYMENT OF**
**WAGES ACT, S.C. CODE ANN. §§ 41-10-10, *et seq.* ("SOUTH CAROLINA**
**WAGE ACT")**

171.    Defendant re-allege and incorporate all previous paragraphs herein.

172.    The allegations in ¶ 172 of the Complaint are legal conclusions, to which no response is required.

173.    The allegations in ¶ 173 of the Complaint are legal conclusions, to which no response is required.

174.    The allegations in ¶ 174 of the Complaint are legal conclusions, to which no response is required.

175.    The allegations in ¶ 175 of the Complaint are legal conclusions, to which no response is required.

13

176.    The allegations in ¶ 176 of the Complaint are legal conclusions, to which no response is required.

177.    Denied.

178.    Denied.

179.    Denied.

## COUNT III
## RULE 23 CLASS ACTION
## ALLEGED VIOLATIONS OF THE NORTH CAROLINA WAGE AND HOUR ACT, N.C. GEN. STAT. 95-25.1, *et seq.* ("NORTH CAROLINA WAGE ACT")

180.    Defendant re-allege and incorporate all previous paragraphs herein.

181.    The allegations in ¶ 181 of the Complaint are legal conclusions, to which no response is required.

182.    The allegations in ¶ 182 of the Complaint are legal conclusions, to which no response is required.

183.    The allegations in ¶ 183 of the Complaint are legal conclusions, to which no response is required.

184.    Denied.

185.    Denied.

186.    Denied.

**COUNT IV**
**RULE 23 CLASS ACTION**
**ALLEGED VIOLATIONS OF THE MASSACHUSETTS MINIMUM FAIR**
**WAGES ACT, M.G.L. c. 151, § 1A and § 1B ("MASSACHUSETTS OVERTIME**
**ACT")**

187.    Defendant re-allege and incorporate all previous paragraphs herein.

188.    The allegations in ¶ 188 of the Complaint are legal conclusions, to which no response is required.

189.    The allegations in ¶ 189 of the Complaint are legal conclusions, to which no response is required.

190.    The allegations in ¶ 190 of the Complaint are legal conclusions, to which no response is required.

191.    The allegations in ¶ 191 of the Complaint are legal conclusions, to which no response is required.

192.    The allegations in ¶ 192 of the Complaint are legal conclusions, to which no response is required.

193.    Denied.

194.    Denied.

195.    Denied.

**COUNT V**
**RULE 23 CLASS ACTION**
**ALLEGED VIOLATIONS OF THE MASSACHUSETTS TIMELY PAYMENT**
**OF WAGES ACT, M.G.L. c. 149, § 148**

196.    Defendant re-allege and incorporate all previous paragraphs herein.

197.    The allegations in ¶ 197 of the Complaint are legal conclusions, to which no response is required.

15

198.    The allegations in ¶ 198 of the Complaint are legal conclusions, to which no response is required.

199.    The allegations in ¶ 199 of the Complaint are legal conclusions, to which no response is required.

200.    Denied.

201.    Denied.

202.    Defendant lacks sufficient information to admit or deny the allegations in ¶ 202 of the Complaint.

**COUNT VI**
**RULE 23 NATIONWIDE CLASS ACTION**
**ALLEGED NATIONWIDE BREACH OF CONTRACT**

203.    Defendant re-allege and incorporate all previous paragraphs herein.

204.    Denied.

205.    Denied.

206.    Defendant lacks sufficient information to admit or deny the allegations in ¶ 206 of the Complaint.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

## COUNT VII
## RULE 23 NATIONWIDE CLASS ACTION
## ALLEGED NATIONWIDE UNJUST ENRICHMENT

215.    Defendant re-allege and incorporate all previous paragraphs herein.

216.    The allegations in ¶ 216 of the Complaint are legal conclusions, to which no response is required.

217.    Admitted.

218.    Defendant lacks sufficient information to admit or deny the allegations in ¶ 218 of the Complaint.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

WHEREFORE Defendant denies Plaintiffs are entitled to judgment on any counts of the Complaint and further deny Plaintiffs are entitled to class or collective action certification, damages, equitable relief, or any other type of relief sought in their Complaint.

## **JURY DEMAND**

Defendant demands a trial by jury.

## FIRST AFFIRMATIVE DEFENSE

One or more of the Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the damages requested in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiff's own conduct resulted in their not being paid for all hours worked or otherwise compensated properly.

## FOURTH AFFIRMATIVE DEFENSE

Every portion of Plaintiffs' claims arising more than two years prior to the date upon which the Complaint was filed is barred by the limitations period contained in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of, which acts are specifically denied by Defendant, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they were engaged in activities which were preliminary or postliminary to their principal activities.

## SEVENTH AFFIRMATIVE DEFENSE

18

Plaintiffs' claims are barred, in whole or in part, by the doctrine of de minimis non curet lex.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they worked hours in excess of 40 per workweek that were against policy or concealed from Defendant and not condoned or ratified by Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs were properly compensated for all hours worked.

### TENTH AFFIRMATIVE DEFENSE

Individual issues predominate all claims, and therefore none of the claims alleged by Plaintiff are suitable for class or collective action status.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant has the right of recoupment and/or setoff against Plaintiffs and any putative class member who received compensation they did not earn and were not otherwise entitled to receive.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff Ortega and Defendant are parties to a valid and enforceable settlement agreement covering the claims asserted by her in the Complaint.

\* \* \*

Defendant may have additional affirmative defenses as of yet unknown, but which will be identified through discovery in this matter, and Defendant respectfully reserves the right to assert the same as appropriate.

**WHEREFORE,** Defendant respectfully requests judgment in its favor as follows:

a. Dismissing Plaintiffs' complaint against Defendant in its entirety and with prejudice;

b. Awarding Defendant its attorneys' fees and costs incurred in defending against Plaintiffs' complaint; and

c. Granting Defendant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

FOCUS CARE, INC. d/b/a FEV TUTOR, INC.,

*/s/ Joshua D. Nadreau*

Joshua D. Nadreau (BBO No. 688970)
FISHER & PHILLIPS LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
Tel: (617) 722-0044
Fax: (617) 532-5899
*jnadreau@fisherphillips.com*

Dated:      April 9, 2024

## CERTIFICATE OF SERVICE

I hereby certify that notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Joshua D. Nadreau*

Joshua D. Nadreau

20