## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| TAMI FOWLER, DONNA WATSON, and ANABEL ORTEGA, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOCUS CARE, INC. d/b/a/ FEV TUTOR, INC.<br><br>Defendant. | Civil Action No.: 1:24-cv-10253<br><br>Hon. Indira Talwani |

### ORDER AND JUDGMENT

WHEREAS Named Plaintiffs Tami Fowler, Donna Watson, and Anabel Ortega brought this suit individually and on behalf of all others similarly situated against Defendant Focus Care, Inc. d/b/a/ FEV Tutor alleging failure to pay all wages due in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.;

WHEREAS the Court finds that the Parties reached agreement as to all material terms of settlement, the settlement was accepted by attorneys with settlement authority, and the settlement is reasonable, and the court therefore enters Judgment as set forth below;

WHEREAS, the Court has been advised that Defendant has executed an "assignment for the benefit of its creditors ("ABC") in favor of FEV Liquidation, LLC, and ceased operations (See Exhibit A);

WHEREAS, this Judgment shall be submitted by Plaintiffs to the ABC administrator in support of their "Proof of Claim";

JUDGMENT is hereby entered in favor of Plaintiffs and against Defendant in the amount of $50,000, to be allocated as follows:

(1) Award of $26,312.37 divided in individual settlements for unpaid wages to all eligible employees as outlined in Exhibit B.
(2) Service Awards in the amount of $1,000 reported on an IRS Form 1099 to each of the Named Plaintiffs: Ms. Tami Fowler, Ms. Donna Watson, and Ms. Anabel Ortega.
(3) Attorneys Fees and Litigation Expenses reported on an IRS Form 1099 in the amount of $20,687.63.

The settlement payments of unpaid wages to all eligible employees shall be allocated 50 percent (50%) to back wages and 50 percent (50%) to liquidated damages. The back wages shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA and other state or local-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.). The liquidated damages shall be treated as non-wage income. Defendant shall make all relevant withholdings and payments to the IRS, report the back wage payments to the IRS on Form W-2, and report the liquidated damages on IRS form 1099.

Defendant shall provide the last known address for each eligible employee to a third-party administrator and to Plaintiffs' counsel. Plaintiffs' counsel shall provide notice of this Order to each eligible employee by First Class U.S. Mail. Checks shall issue via First Class U.S. Mail through the third-party administrator directly to eligible employees. The negotiating of a settlement check provides consideration for release of claims. Eligible employees will have ninety (90) days after the check mailing to deposit or otherwise negotiate their settlement checks. In the event any check is not cashed or negotiated within ninety (90) days, the Parties may agree to re-issue once for good cause. In the event any check is not cashed or negotiated within ninety (90) days of issue or thirty (30) days of reissue, the funds will be designated as unclaimed and donated to Greater Boston Legal Services.

Payment of Attorney's Fees and Litigation Expenses will be remitted to Sommers Schwartz, PC, Attn: Kevin J. Stoops: One Towne Square, 17th Floor, Southfield, MI 48076.

Plaintiffs' counsel shall provide notice to the court once payments have been made, confirming which employees received payment as set forth in Exhibit B and any amounts that were donated to Greater Boston Legal Services.

It is hereby ORDERED that Defendant is compelled to satisfy the settlement agreement and pay the judgment to the greatest extent of its ability following entry of this Order and submission to the claims process.

**IT IS SO ORDERED.**

Dated: May 16, 2025

_____
United States District Judge